THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

A.E., Individually and as the Court      :
Appointed Plenary Guardian for the       :
Person and Estate of S.P.                :
                                         :
          Plaintiff,                     :
                                         :  3:22-CV-250
     v.                                  :  (JUDGE MARIANI)
                                         :
MOUNTAIN VIEW SCHOOL                      :
DISTRICT                                 :
                                         :
          Defendant.                     :

## MEMORANDUM OPINION

Presently before the Court is a motion for reconsideration filed by Defendant

Mountain View School District ("MVSD"). (Doc. 91). In that motion, MVSD asks the Court

to reconsider its Memorandum Opinion & Order granting in part and denying in part its

motion for summary judgment on Plaintiff's Title IX and Section 1983 claims. (Docs. 88-89).

Specifically, MVSD seeks reconsideration only as it relates to the Court's denying its motion

for summary judgment on Plaintiff's Section 1983 *Monell* claim. Plaintiff opposes MVSD's

motion. (Doc. 94).

"Motions for reconsideration should be granted sparingly as federal courts have a

strong interest in the finality of judgments." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d.

471, 474 (M.D. Pa. 2020). "A court should grant a motion for reconsideration if the party

seeking reconsideration shows '(1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made." *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d. 375, 378 (M.D. Pa. 2010).

In its motion and brief in support, MVSD claims that the Court clearly erred by denying its motion for summary judgment on Plaintiff's Section 1983 claim. Although MVSD does not dispute that Plaintiff raised a Fourteenth Amendment substantive due process claim in her Complaint, it nevertheless claims that the Court clearly erred because Plaintiff never expressly pleaded an exception to the general rule that a public school does not have a constitutional duty to protect its students from fellow students. Specifically, MVSD claims that:

> Plaintiff never asserted a state-created danger claim or special relationship claim exception in support of her substantive due process. Because there is no obligation to protect one student from another, Defendant is entitled to judgment as a matter of law on Count II where Plaintiff never joined the issue of an exception. Denying summary judgment based on an exception never raised in this case is error, and so Defendant seeks reconsideration.

(Doc. 92 at 1).

As set forth in the Court's memorandum opinion denying MVSD's motion for summary judgment:

2

As for the claim alleging violation of S.P.'s right to bodily integrity under the substantive due process claim, MVSD claims that Plaintiff failed to raise a genuine dispute as to whether her substantiative due process rights to bodily integrity were violated. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) ("Individuals have a constitutional liberty interest in their bodily integrity that is protected by the Fourteenth Amendment."). While "'public schools, as a general matter, do not have a constitutional duty to protect students from private actors,' including students," there are exceptions to this rule including the "state-created danger" doctrine and when the plaintiff has a "special relationship" with the defendant. *A.J. v. Mastery Charter High Sch.*, 2023 WL 6804576, at *7 (3d Cir. Sept. 20, 2023) (citing *Morrow v. Balaski*, 719 F.3d 160, 170 (3d Cir. 2013) (en banc)); *see also Swanger v. Warrior Run Sch. Dist.*, 2012 WL 2395675, at *3-5 (M.D. Pa. June 25, 2012) (discussing special relationship and state-created danger exceptions).

MVSD brief in support does not address that there are exceptions to this general rule. (Doc. 58 at 22-25). Rather, MVSD simply present a conclusory argument without any citations that MVSD had no constitutional obligation to protect its student like S.P. from other students. (*Id.* at 23) ("While Title IX guards against student-on-student harassment, 14th Amendment due process does not. Plaintiffs have no claim.").

The Court finds Defendant's argument[s] are insufficient to meets its burden on summary judgment, especially when considering that exceptions to the general rule may apply when viewing the facts and the inferences from those fact[s] in light most favorable to Plaintiff. *See Doe v. Red Lion Area Sch. Dist.*, 2025 WL 19819, at *4-5 (M.D. Pa. Jan. 2, 2025) ("Plaintiffs here allege that the Principal Langan knew about two previous assaults of [plaintiff] but still allowed the same perpetrator to ride the same bus without a monitor. The logical inference from those allegations is that placing [plaintiff] on the bus with her assailant made her less safe than providing no bussing system at all, and that is sufficient to state a due process claim. . . . Our court of appeals concluded that because the harasser in Morrow was not regularly assigned to the plaintiffs' bus route, the school district could not have foreseen the harasser riding the route nor could they have acted affirmatively to prevent it. Not so here, where plaintiffs allege that the assailant continued to ride his regular bus route with his alleged victims, including, [plaintiff], daily. Requiring [plaintiff] to ride the bus with her abuser unsupervised . . . placed [plaintiff] in obvious jeopardy. . . . Morrow does not foreclose plaintiffs' due process claim.").

(Doc. 88 at 66-67).

3

The Court denied MVSD's motion for summary judgment on Plaintiff's Section 1983 claims, finding that MVSD failed to carry its summary judgment burden and scheduled this matter for trial. (Doc. 88 at 68) ("Again, the record is full of inconsistencies and conflicting testimony that would be inappropriate for the Court to resolve on summary judgment."). In its brief in support of its motion for summary judgment, MVSD spent fewer than three pages arguing why summary judgment was proper on Plaintiff's Section 1983 claim. (Doc. 58 at 22-25). On the issue for which it seeks reconsideration—the failure to affirmatively plead state created danger—MVSD did **not** make this argument in either a motion for dismiss or in its motion for summary judgment. Rather, MVSD's argument on the failure to identify a constitutional violation supporting a Section 1983 *Monell* claim is as follows:

> As an initial matter the 14th Amendment due process right to bodily integrity is to 'protect the people from the State, not to ensure that the State protect[s] [people] from each other.' *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Public schools, as a general mater, do not have a constitutional duty to protect students from private actors, including other students. *A.J.*, 2023 U.S. App. LEXIS 27375 at *9 (quoting *Morrow v. Balaski*, 719 F.3d 160, 170 (3d Cir. 2013) (en banc)). While Title IX guards against student-on-student harassment, the 14th Amendment due process does not. Plaintiffs have no claim.

(Doc. 58 at 23).

The above is MVSD's argument on this issue which is now the basis for its motion for reconsideration. The question now before the Court is whether the Court clearly erred, or a manifest injustice will ensue, by denying MVDS's motion for summary judgment because, as MVSD claims, Plaintiff never specifically pleaded an exception to the general

4

rule that a public school does not have a constitutional duty to protect students from fellow students.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color or state law engaged in conduct that violated a right protected by the Constitution of laws of the United States." *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013) (en banc). "Accordingly, '[t]he first step in evaluating a section 1983 claim is to identify the exact contours of the underlying right said to have been violated and to then determine whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Id.* at 166 (quoting *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)).

The Due Process Clause provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Plaintiff identified the substantive component of due process in her Complaint, which "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). It is well-settled that individuals "have a constitutional liberty interest in their bodily integrity that is protected by the Fourteenth Amendment." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). However, "[a]s a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney*, 489 U.S. at 197. Nevertheless, in *DeShaney* the

Supreme Court identified two narrow exceptions to this general rule: special relationship and state created danger.

On summary judgment, the Court found that a reasonable jury could find that MVSD violated S.P.'s right to bodily integrity under the state created danger exception.[1] The Due Process clause "can impose an affirmative duty to protect if the state's own actions create the very danger that causes the plaintiff's injury." *Morrow*, 719 F.3d at 167. In other words, MVSD may be liable under the state created danger theory when the school district's action created or enhanced a danger that caused S.P.'s alleged injuries.

The Court previously found that MVSD's conduct in continuing to place S.P. and Student A on the same small van to and from school following the March 2021 sexual harassment/assault was foreseeable and affirmative conduct, citing *Red Lion supra* at 3, which held that similar conduct stated a claim against a school district for a violation of the student's Fourteenth Amendment substantive due process rights to bodily integrity.[2] As the

---

[1]    The Court did not find that a special relationship existed between MVSD and S.P. The Third Circuit has previously held that a school district's authority over a student during the school day "cannot be said to create the type of physical custody necessary to bring it within the special relationship noted in *DeShaney*." *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1372 (3d Cir. 1992).

[2]    In the Complaint, Plaintiff alleged a violation of the substantive due process right to "personal security and bodily integrity." (Doc. 1, ¶¶ 82, 88). Although MVSD initially moved to dismiss the Complaint, (Doc. 16), that motion was withdrawn pursuant to a stipulation by the parties. (Doc. 28, ¶ 4) ("Based on the discussion, (a) Plaintiffs are no longer pursuing individual claims against the individual Defendants; and (b) Defendant withdraw their Motion without prejudice to raising their argument in a subsequent Motion."). Importantly, Plaintiff alleged that MVSD violated S.P.'s constitutional right to bodily integrity by continuing to allow S.P. and Student A to be transported in the same van to and from school despite the known sexual harassment and assault(s) of S.P. by Student A. (Doc. 1, ¶ 34) ("In addition, at all times pertinent to this matter and up to and including April 16, 2021, the School District allowed Student 'A' to be transported to and from school with the minor, S.P., which present a clear and present danger to S.P."); (*Id.*, ¶ 41) ("In addition,

Court recognized in its opinion denying summary judgment, "If a jury credits Student A's testimony and other record evidence, Mr. Barbolish was aware of the nature and extent of the March 2021 fondling incident and nevertheless continued to place S.P. (who he knew was in eighth grade and had significant intellectual disabilities and may not have been able to consent to sexual contact) in the same small van with Student A." (Doc. 88 at 67).

The fact that Plaintiff did not affirmatively plead the magic words "state created danger" in the Complaint, is of little to no consequence here. *See M.T. by and through Amber H v. Union Town Area Sch. Dist.*, 2021 WL 807713, at *7 (W.D. Pa. Mar. 3, 2021) ("Mr. Dice's sole legal argument in favor of dismissal of the section 1983 claim is that the Amended Complaint does not use the words 'state created danger' in asserting the claim against him. He argues that deprivation of bodily integrity does not have distinct legal standing on its own absent a theory of state created danger, which has not been pleaded by the Plaintiff. With respect to the state-created danger theory, the use of such 'magic words' are not required.") (collecting cases). Moreover, MVSD does not dispute that the Complaint raised a Section 1983 substantive due process claim based on S.P.'s right to bodily integrity.[3]

---

the Mountain View School District allowed Student 'A' to be transported in the same car pool at all times before the April 16, 2021 incident even though the minor Plaintiff was sexually harassed by Student 'A' on at least once, if not more, prior occasions.").

[3]    In MVSD's motion to dismiss, it recognized that Plaintiff asserted three claims, including "a claim pursuant to Section 1983 for violation of S.P.'s 14th Amendment right to bodily integrity." (Doc. 16, ¶ 24(b).

Courts generally treat allegations of a violation of the Fourteenth Amendment right to bodily integrity and state created danger as one in the same.[4] Because the factual allegations of the Complaint plausibly raised a violation of S.P.'s substantive due process right to bodily integrity under the state created danger exception, and the summary judgment record revealed genuine disputes of material fact that could not be resolved on summary judgment on Plaintiff's section 1983 claim, the Court will not grant MVSD's motion for reconsideration based on Plaintiff's failure to use the "magic words" state-created danger. The Complaint adequately put MVSD on notice of the factual basis for Plaintiff's allegations.

## III.    CONCLUSION

For the foregoing reasons, the Court will deny MVSD's motion for reconsideration.

A separate Order follows.

Robert D. Mariani
United States District Judge

---

[4]    *See, e.g., Biddinger v. Hanover Area Sch. Dist.,* 2023 WL 6050577, at \*2 (M.D. Pa. Sept. 15, 2023) ("Count I is styled as a 'bodily integrity' claim and Count II is styled as a 'state-created danger- claim. But these counts of the complaint are duplicative of one another."); *Fielder v. Stroudsburg Area Sch. Dist.,* 427 F. Supp. 3d 539, 550 (M.D. Pa. Dec. 9, 2019) ("[W]hen the alleged harm is directly caused by third party non-state actors, courts generally conclude that there is no analytical distinction between an injury to bodily integrity claim and a claim predicated on a state-created danger. Accordingly, the claim for injury to bodily integrity in Count II will be dismissed as duplicative to Count III, and I will consider Fielder's claim to injury to bodily integrity by way of the state-created danger doctrine.") (internal citations and quotation marks omitted)); *Cuvo v. Pocono Mountain Sch. Dist.,* 2019 WL 1424524, at \*6 (M.D. Pa. Mar 29, 2019) ("Our research confirms that a claim under § 1983 for a violation of the due process right of bodily integrity is brought under the state-created danger doctrine.") (citing *Bennett ex rel. Irvine v. City of Philadelphia,* 499 F.3d 281, 286 (3d Cir. 2007)).